UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-02266-CV-DSR                                    Date: May 14, 2026

Title      *Gagik Petrosyan v. Fereti Semaia, et al.*

Present:  The Honorable:   Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**         **(IN CHAMBERS) ORDER REQUESTING FURTHER BRIEFING RE MANDATORY DETENTION PURSUANT TO 8 U.S.C. § 1226(c)(1)(E)**

In their Answer (Doc. No. 6), Respondents assert that Petitioner is subject to mandatory detention under Section 236(c)(1)(E) of the Immigration and Nationality Act (8 U.S.C. § 1226(c)(1)(E)). They allege that Petitioner was arrested on April 24, 2026, by the Los Angeles Police Department for battery with serious bodily injury in violation of California Penal Code Section 243(d). See Answer at 2:28-3:2.

It does not appear on the present record, however, that Petitioner was "arrested" at the time Respondents took custody of him. Rather, according to the allegations in the Petition (which at least as to this point Respondents do not dispute in their Answer), after that arrest, "Petitioner appeared at his scheduled ICE check-in on April 28, 2026, where he was taken into custody without warning and without a hearing." Pet. at ¶ 22. It appears, then, that Petitioner had been released and was at liberty at the time Respondents re-detained him.

Respondents do not argue Petitioner has been convicted of, or has admitted to, a qualifying offense under Section 1226(c)(1)(E), and Petitioner disputes in his Reply that there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-02266-CV-DSR                                    Date: May 14, 2026

Title        _Gagik Petrosyan v. Fereti Semaia, et al._

any conviction.  Neither side, however, has provided any information about whether Petitioner has been "charged with" any qualifying crime under Section 1226(c)(1)(E).

The parties are therefore ordered to file with the Court within five (5) days of the date of this Order further briefing on the question of whether Petitioner stands criminally "charged with" a violation of Penal Code Section 243(d), including the evidence on which they rely in support of their position.  If Petitioner is not "charged with" such offense, the parties are further ordered to address whether an arrest, and subsequent release for such offense, nevertheless renders a person subject to mandatory detention under Section 1226(c)(1)(E).

:

**Initials of Preparer**        LK